J-S57022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW STEVEN LLOYD | |
| Appellant | No. 37 EDA 2014 |

Appeal from the Judgment of Sentence November 26, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001965-2010
CP-39-CR-0001993-2010
CP-39-CR-0003603-2010

BEFORE: DONOHUE, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED OCTOBER 10, 2014**

Appellant, Matthew Steven Lloyd, appeals from the November 26, 2013 aggregate judgment of sentence of five and one-half to 11 years' imprisonment, imposed following the revocation of his probation. Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with ***Anders v. California***, 386 U.S. 738 (1967), and its progeny. After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court summarized the relevant facts and procedural history of this case as follows.

On October 29, 2010, [Appellant] entered guilty pleas to multiple counts of burglary[1] in case 3603 of 2010, and to single counts of burglary in cases 1965 of 2010 and 1993 of 2010. On August 18, 2011, the [trial court] sentenced [Appellant] in case 3603 of 2010 to 24 months of state intermediate punishment (SIP) to be followed by eight years of state probation. [The trial court] imposed that same sentence in both cases 1965 of 2010 and 1993 of 2010 and ran those sentences concurrently to the sentence in case 3603 of 2010. The charges in the three cases stemmed from nine burglaries committed by [Appellant] in Berks, Lehigh and Northampton counties. All nine burglaries were home invasions where the occupants were not present.

On November 26, 2013, [the trial court] conducted a *Gagnon II*[2] hearing in [Appellant's] cases. By this date, [Appellant] had completed the SIP component and was on probation in each of the three cases. At the *Gagnon II* hearing, [Appellant] admitted that he violated probation by committing a new offense. (On October 1, 2013, [Appellant] entered a guilty plea to one count of possession of heroin in Lehigh County case 3738 of 2013, and he was sentenced to state confinement for that.) In case 3603 of 2010, [the trial court] revoked probation and re-sentenced [Appellant] to state confinement for a period not less than 24 months to not more than 48 months. In both cases 1965 of 2010 and 1993 of 2010, [the trial court] revoked probation and resentenced [Appellant] to state confinement for a period of not less than 21 months to not more than 42 months. [The trial court] ordered that the sentences in all three cases run

---

[1] 18 Pa.C.S.A. § 3502(a).

[2] *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (holding that a previously sentenced probationer is entitled to a preliminary revocation hearing (a *Gagnon I*) and a final revocation hearing (a *Gagnon II*)).

consecutively so that the aggregate of the sentence [Appellant] received was five-and-a-half years to eleven years of state confinement. [The trial court also deemed Appellant eligible for the Recidivism Risk Reduction Incentive (RRRI) program.][3]

On December 6, 2013, [Appellant] filed a motion for reconsideration of sentence which [the trial court] denied by order filed on January 10, 2014.

Trial Court Opinion, 3/10/14, at 1-2.

On December 26, 2013, Appellant filed a timely notice of appeal.[4] Thereafter, on May 5, 2014, Appellant's counsel filed a motion and brief to withdraw from representation in accordance with *Anders* and its progeny. That same day, counsel sent a letter to Appellant advising him of his rights to retain private counsel and/or proceed *pro se*; this letter is attached to counsel's petition to withdraw. *See Commonwealth v. Millisock*, 873 A.2d 748, 751-752 (Pa. Super. 2005) (stating that counsel is required to attach to his or her petition to withdraw a copy of the letter sent to the client advising of his or her right to retain private counsel and/or proceed *pro se*). Appellant did not respond to counsel's motion to withdraw.

_____

[3] The record reflects that March 20, 2014, the trial court entered an order correcting its calculation of Appellant's RRRI minimum sentence to 1 year and 6 months, and noting that in all other respects, the November 26, 2013 sentencing order shall remain in effect. *See* Trial Court Order, 3/20/14 (dated 3/19/14), at ¶ 1.

[4] Appellant and the trial court have complied with Pa.R.A.P. 1925.

In his *Anders* brief, counsel raises the following substantive issue on Appellant's behalf.

> Whether the trial court abused its discretion at sentencing after probation violation by imposing an excessive sentence and one that was disproportional to the nature of the violation?

*Anders* Brief at 4.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Titus*, 816 A.2d 251, 254 (Pa. Super. 2003) (citation omitted). For cases where the briefing notice was issued after August 25, 2009, as is the case here, an *Anders* brief shall comply with the requirements set forth by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361. Additionally, counsel must furnish the appellant with a copy of the brief, advise him in writing of his right to retain new counsel or proceed *pro se*, and attach to the *Anders* petition a copy of the letter sent to

- 4 -

appellant as required under **Millisock**. **See Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (holding that, "[w]hile the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, … the holding did not abrogate the notice requirements set forth in **Millisock** that remain binding legal precedent") (footnote omitted). "After counsel has satisfied these requirements, we must conduct our own review of the trial court proceedings and independently determine whether the appeal is wholly frivolous." **Titus**, **supra** at 254 (citation omitted).

In the instant matter, we conclude that counsel's **Anders** brief complies with the technical requirements of **Santiago**. First, counsel has provided a procedural and factual summary of the case with references to the record. **See Anders** Brief at 5-8. Second, counsel advances relevant portions of the record that arguably support Appellant's discretionary aspects of sentencing claim. **Id.** at 11-14. Third, counsel concluded, following her independent review of the record, that Appellant's appeal is frivolous. **Id.** at 14-15. Fourth, counsel stated the reasons for her conclusion that the appeal is frivolous. Lastly, as noted, counsel has complied with the requirements set forth in **Millisock**. As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

Appellant contends that the sentence imposed by the trial court following the revocation of his probation was "excessive and disproportionate

to the nature of the violation[,]" and the trial court abused its discretion in failing to consider the factors set forth in 42 Pa.C.S.A. § 9721(b). *Anders* Brief at 10.

Our standard of review in assessing whether a trial court has erred in fashioning a sentence following the revocation of probation is well settled. The "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Williams*, 997 A.2d 1205, 1208 (Pa. Super. 2010) (citation omitted). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Burns*, 988 A.2d 684, 689 (Pa. Super. 2009) (*en banc*) (citation omitted), *appeal denied*, 8 A.3d 341 (Pa. 2010). We also observe that, "whether an offender is serving a sentence of probation or intermediate punishment, if he violates the assigned conditions, the order of probation or intermediate punishment … may be revoked and a new sentence imposed." *Commonwealth v. Wegley*, 829 A.2d 1148, 1153 (Pa. 2003) (citations omitted).

> [W]e must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of

the crime. … [A] sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion.

*Id.* at 887 (citations and quotation marks omitted).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, there is no automatic right to appeal, and an appellant's challenge should be considered a petition for allowance of appeal. **Commonwealth v. W.H.M., Jr.**, 932 A.2d 155, 163 (Pa. Super. 2007). We will grant an appeal challenging the discretion of the sentencing court only where the appellant has advanced a colorable argument that the sentence is inconsistent with the Sentencing Code or contrary to the fundamental norms that underlie the sentencing process. **Commonwealth v. Hyland**, 875 A.2d 1175, 1183 (Pa. Super. 2005) (citations and quotation marks omitted), *appeal denied*, 890 A.2d 1057 (Pa. 2005).

Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine the following.

> (1) [W]hether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. … [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Applying the four-factor test to the present matter, we conclude Appellant has complied with the first three requirements. Specifically, Appellant filed a timely notice of appeal, preserved his claim in a timely motion for reconsideration of sentence, and his counsel has included a separate Rule 2119(f) statement in the *Anders* brief. *See Anders* Brief at 10. Accordingly, we proceed to consider Appellant's Rule 2119(f) statement to determine whether he has presented a substantial question for our review. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008) (citation omitted), *appeal denied*, 13 A.3d 474 (Pa. 2010); *see also* 42 Pa.C.S.A. § 9781(b).

Instantly, our review reveals that Appellant has presented a substantial question, at least in part. Generally, "a bald assertion that Appellant's sentence was excessive" does not raise a substantial question for our review. *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012), *appeal denied*, 62 A.3d 378 (Pa. 2013). However, where an appellant contends that the trial court failed to consider the factors set forth in Section 9721(b) in fashioning his sentence, this will present a substantial

question for our review. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013) (stating, "arguments that the sentencing court failed to consider the factors proffered in [Section] 9721 does [sic] present a substantial question[]"), *appeal denied*, 91 A.3d 161 (Pa. 2014); ***accord Commonwealth v. Cartrette***, 83 A.3d 1030, 1042-1043 (Pa. Super. 2013) (*en banc*). Accordingly, we proceed to address the merits of Appellant's claim. ***See Edwards***, ***supra***.

As noted, Appellant contends that in fashioning a sentence of total confinement following the revocation of his probation, the trial court abused its discretion in failing to properly consider the factors set forth in Section 9721(b) of the Sentencing Code. ***Anders*** Brief at 12-14. For the following reasons, we disagree.

The Sentencing Code provides that once probation has been revoked, "the sentencing alternatives available to the [trial] court shall be the same as were available at the time of initial sentencing…." 42 Pa.C.S.A. § 9771(b). The trial court may impose a sentence of total confinement upon revocation of a sentence of probation if one of following three circumstances applies.

> **§ 9771. Modification or revocation of order of probation**
>
> …
>
> **(c) Limitation on sentence of total confinement.--**The court shall not impose a

sentence of total confinement upon revocation unless it finds that:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

*Id.* § 9771(c).

Section 9721(b), in turn, provides that when fashioning a sentence, the trial court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *Id.* § 9721(b).

In the case *sub judice*, our review of the record reveals that the trial court properly considered all relevant Section 9721(b) factors in sentencing Appellant to an aggregate term of five and one-half to 11 years' imprisonment, following the revocation of his probation, and did so in accordance with Section 9771(c). The record reflects that the trial court heard extensive testimony from Appellant concerning his rehabilitative needs, his participation in SIP, DARE, and One-Charlie programs while incarcerated, and the circumstances that led to his drug relapse. N.T., 11/26/13, at 8-16. The trial court also placed ample reasoning for Appellant's sentence on the record, indicating that it considered the gravity

of the underlying offenses, the impact on the communities burglarized, and Appellant's criminal history. Specifically, the trial court stated as follows.

> I've taken into account the nature of the [probation] violation, but also the serious nature of the underlying offenses. So the bottom line here, and I'll make sure I have this correct, is a minimum sentence of five-and-one-half years to a maximum of 11 years.
>
> …
>
> Just for the record, these were multiple burglaries committed in several counties, and they were home burglaries, even though victims may not have been present, and these are all standard range sentences. Still on that case, I do take into account the significant criminal record before the commission of the burglaries. I believe that's appropriate.

*Id.* at 22-23.

Additionally, the trial court concluded, "that the burglaries were motivated by [Appellant's] heroin addiction." Trial Court Opinion, 3/10/14, at 4. Lastly, we note that the trial court considered and relied on the Presentence Investigation Report (PSI) as well as the applicable sentencing guidelines. N.T., 11/26/13, at 20; Trial Court Opinion, 3/10/14, at 4-5. When a trial court has the benefit of a PSI, we presume that it "was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Walls*, 926 A.2d 957, 967 n.7 (Pa. 2007). As "it is evident that the [trial] court was aware of sentencing considerations and weighed the considerations in a meaningful fashion[,]" we therefore

- 11 -

conclude Appellant's November 26, 2013 sentence should not be disturbed. *Commonwealth v. Ahmad*, 961 A.2d 884, 888 (Pa. Super. 2008).

Based on the foregoing, we agree with counsel that Appellant's appeal is "wholly frivolous." *Titus*, *supra* at 254. Accordingly, we grant counsel's petition to withdraw and affirm the trial court's November 26, 2013 judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/10/2014</u>